# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| TERRY DUANE KRAUSE,<br><br>Plaintiff,<br><br>vs.<br><br>COMMUNITY, COUNSELING, AND CORRECTIONAL SERVICES, INC.; #2 C.C.C.S. INC. R/A STAFF,<br><br>Defendants. | CV 15-15-BU-BMM<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiff Terry Krause filed a Complaint on April 16, 2015. (Doc. 2.) Krause proceeds in forma pauperis. Krause alleges violations of the Americans with Disabilities Act (ADA) and HIPPA, destruction of his personal property, and a breach of confidentiality. The Court previously dismissed Krause's original Complaint for failure to state a claim. Krause filed an Amended Complaint on May 19, 2015. (Doc. 6.)

United States Magistrate Judge Jeremiah Lynch entered Findings and Recommendations in this matter on October 13, 2015. (Doc. 9.) Judge Lynch reviewed Krause's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and recommended that this Court dismiss his claims against Defendants CCCS

1

Staff, Ginger Berryman, and Joe McCarthy for failure to state a claim. Judge Lynch also recommended that this Court dismiss Krause's deprivation of property, HIPPA, and breach of confidentiality claims. The Magistrate Judge recommends that this Court order Community, Counseling, and Correctional Services, Inc., to respond to Krause's ADA claim. (Doc. 9 at 9.) The Court adopts the relevant facts as stated in the Findings and Recommendations. (Doc. 9.)

Neither party filed objections. When a party makes no objections, the Court need not review de novo the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-152 (1986). The Court will review Judge Lynch's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Court agrees with the Magistrate's recommendation to dismiss Krause's claims against Defendants CCCS Staff, Ginger Berryman, and Joe McCarthy for failure to state a claim. The Court further agrees with the Magistrate's recommendation to dismiss Krause's deprivation of property, HIPPA, and breach of confidentiality claims. The Court finally agrees with Judge Lynch's recommendation that Defendants Community, Counseling, and Correctional Services, Inc., must respond to Krause's ADA claim.

This Court finds no clear error in Judge Lynch's Findings and Recommendations and adopts them in full.

**IT IS HEREBY ORDERED:**

1. Plaintiff's claims against CCCS Staff, Ginger Berryman, and Joe McCarthy, are **DISMISSED** with prejudice.

2. Plaintiff's deprivation of property, HIPPA, and breach of confidentiality claims are **DISMISSED** with prejudice.

3. Defendants Community, Counseling, and Correctional Services, Inc., are **ORDERED** to respond to Plaintiff's ADA claim.

4. Pursuant to Fed. R. Civ. P. 4(d), the Court directs Defendant Community, Counseling, and Correctional Services, Inc. to waive service of summons by executing a Waiver of Service of Summons within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing.** Once Defendant executes the Waiver, an answer or appropriate motion will be due within sixty (60) days after the entry date reflected on the Notice of Electronic Filing for this order, pursuant to Fed. R. Civ. P. 12(a)(1)(B) and 42 U.S.C. § 1997e(g)(2).

5. The Clerk of Court shall forward the documents listed below to Community, Counseling, and Correctional Services, Inc., 471 East Mercury, Butte, Montana 59701.

- Complaint (Doc. 2):
- May 4, 2015 Order (Doc. 4);
- Amended Complaint (Doc. 6);

- This Order

- A Notice of Lawsuit & Request to Waive Service of Summons; and

- A Waiver of Service of Summons

6.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Fed. R. Civ. P. 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

7.  Krause <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this order.

8.  At all times during the pendency of this action, Krause shall immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file notice of a change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 4th day of November, 2015.

*[signature: Brian Morris]*

Brian Morris
United States District Court Judge